**SO ORDERED.**

**SIGNED this 14 day of December, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

SUSAN MARIE LEE,                                                                CASE NO. 09-02973-8-JRL

    DEBTOR.

O R D E R

This action is before the court on the motion of the United States, on behalf of the Internal Revenue Service, to dismiss the case for cause pursuant to 11 U.S.C. § 707(a). Originally filed as a Chapter 13 petition, the debtor converted her case to one under Chapter 7. The motion is opposed by the debtor, her chapter 7 trustee, and the Bankruptcy Administrator. The court conducted a hearing on the motion on December 1, 2009, at which counsel for the United States presented voluminous exhibits in support of the motion. At the conclusion of her presentation, the court continued the hearing to review the exhibits to determine if sufficient evidence had been presented to require the defendant to offer rebuttal evidence. After reviewing the evidence, the court has concluded that the motion should be denied without further testimony.

The motion of the United States presents a litany of grounds supporting the motion, and

substantial evidence indicating that they are factually accurate.  The motion asserts, among other grounds, that the debtor's initial schedules were fraudulently inaccurate, failing to identify her interest in two corporations through which she has funneled the income from her dental practice, and failing to disclose her ownership of a common interest in a substantial tract of family land; that she has failed to cooperate in administration of this case by answering questions at her Section 341 meeting untruthfully and failing to respond to the court's order enforcing the subpoena for her Rule 2004 exam; and that she made unauthorized and inappropriate transfers of estate assets during her Chapter 13 case.

The court does not discount the seriousness of any of these allegations.  However, "section 707(a) should not be the remedy for malfeasance that is specifically addressed by other Code sections, such as those providing for exceptions to discharge."  6 COLLIER ON BANKRUPTCY, ¶ 707.03[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); In re Padilla, 222 F.3d 1184 (9th Cir. 2000).  In this case, various provisions of 11 U.S.C. § 727 cover virtually all of the allegations made by the United States, whether it be a false oath in the petition or at the § 341 meeting, transfer of estate property, or failure to abide by court orders.  Additionally, this may be a case where dismissal would actually serve the debtor's interest at the expense of her creditors.  Given the suspicions aroused by the petition here, no other creditor, not even the Internal Revenue Service, has the broad power of the chapter 7 trustee to investigate the debtor's history and recapture transfers of property, both prepetition and postpetition, for the benefit of the estate.

For the foregoing reasons, the motion to dismiss is denied.

END OF DOCUMENT